```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EMMANUEL PENA,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           16-CV-2090(JS)(GRB)

NASSAU COUNTY, NASSAU COUNTY
ATTORNEY'S OFFICE, and
DENNIS O'BRIEN,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Emmanuel Pena, pro se
                    10-R-2052
                    Downstate Correctional Facility
                    Box F
                    Red Schoolhouse Road
                    Fishkill, NY 12524-0445

For Defendants:     No appearances.
```

SEYBERT, District Judge:

      Incarcerated pro se plaintiff Emmanuel Pena ("Plaintiff") filed an Complaint in this Court on April 20, 2016 pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County, the Nassau County Attorney's Office, and Dennis O'Brien (collectively, "Defendants") together with an application to proceed in forma pauperis.

      The Court's Pro Se Office sent Plaintiff a letter, dated April 26, 2016 (the "letter"), acknowledging receipt of the Complaint, and apprising Plaintiff of his responsibilities in litigating his claims, including his obligation "to keep this office informed of a current mailing address. All address changes must be submitted in writing. Failure to provide a current mailing

address may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."  (See Docket Entry 4.)

On May 5, 2016, the letter was returned to the Court as undeliverable.  (See Docket Entry 7.)  The envelope was stamped "Return to Sender-No longer here" and "DISC" which the Court understands to mean Plaintiff was discharged.  To date, Plaintiff has not updated his address nor has he otherwise communicated with the Court.  "The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiff's."  Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (internal quotation marks and citation omitted).  Indeed, "[a]bsent valid contact information, the Court cannot apprise the plaintiff[] of [his] obligation[] in or the status of [his] case and the litigation cannot proceed . . . ."  Pagan v. Westchester Cnty., No. 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014).  If a pro se litigant fails to keep the Court apprised of his current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute."  Mercedes v. N.Y. Dep't of Corr., No. 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013).  Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

2

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to CLOSE this case and to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.


/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   September   23  , 2016
         Central Islip, New York